**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**RONALD ANTONIO GUTIERREZ NAVARRETE #A241-960-145** — **CASE NO. 1:26-CV-04157 SEC P**

**VERSUS** — **JUDGE TERRY A. DOUGHTY**

**DIRECTOR D H S ET AL** — **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM ORDER

Pending before the Court is a Motion for Temporary Restraining Order ("TRO") (styled as a "Motion to Prevent Transfer or Removal") filed by *pro se* Petitioner, Ronald Antonio Gutierrez Navarrete ("Petitioner").

For the following reasons, the Motion for TRO is **DENIED.**

### I. BACKGROUND

Petitioner, a citizen of Nicaragua, entered the United States on or about August 19, 2022.[1] Petitioner was inspected and released pursuant to a Form I-220A.[2] On August 22, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE").[3] Petitioner is currently detained by ICE at River Correctional Center in Ferriday, Louisiana.[4]

The Court is prepared to rule.

### II. LAW AND ANALYSIS

[1] [Doc. No. 2].
[2] [Id.].
[3] [Id. at p. 2].
[4] [Id.].

At the outset, the Court notes that the pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). Even so, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). With these principles in mind, the Court turns to the merits.

Petitioner "requests that this Honorable Couret grant this Emergency Motion and issue an appropriate order preventing transfer or removal while the matter remains pending."[5] The Fifth Circuit holds that a transfer to another district does not affect a district court's personal jurisdiction over a petitioner's habeas petition because jurisdiction "attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Finally, to the extent Petitioner's Motion seeks to prevent Respondents from removing him during these proceedings, the argument fails under statutory authority. First, the habeas statute requires that a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States" to obtain relief.

[5] [Doc. No. 2, p. 4].

28 U.S.C. § 2241(c)(3). If a petitioner challenging the constitutionality of detention solely is removed, she is no longer "in custody," rendering the habeas petition moot. *Id.*; *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Second, § 1252(g) of the Immigration and Nationality Act ("INA") explicitly provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). If Petitioner is removed pursuant to an executed order of removal, this Court lacks jurisdiction to review that executive action in a habeas proceeding.

## III. CONCLUSION

**IT IS ORDERED** that the Petitioner's Motion for Temporary Restraining Order [Doc. No. 2] is **DENIED.**

MONROE, LOUISIANA, this 8th day of October, 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE